*158
 
 Jones, J.
 

 The sole question involved under the facts found by the Court of Appeals is whether the filing by defendant in error of Exhibit 5 with the insurance department on October 25, 1920, was sufficient to constitute a valid service upon the association in the original ease brought in the Huron county court.
 

 While Section 9478, General Code, pertaining to fraternal benefit societies applying for admission to do business, requires the appointment in writing of the superintendent of insurance and his successors, upon whom legal process should be served, we can find no statute authorizing such appointment to be made and filed by this foreign insurance company, which concededly is not a fraternal society. This association is controlled by Section 9453 (8), General Code, which requires the deposit with the superintendent of insurance of an “appointment in writing of an attorney in this state upon whom service of process may be had.” This sub-section does not require “as a condition precedent to transacting business,” that the. superintendent of insurance shall be appointed as the attorney upon whom service shall be had. It connotes the opposite idea, that the appointment required to be made is of one who occupies a private rather than an official status such as is held by the superintendent of insurance. Had the Legislature in the latter section intended that the superintendent should be the one upon whom legal process should be served it would have so specified, as was done in said Section 9478, General Code. When at the same time this association also filed Exhibit 6 with the insurance department, which exhibit authorized any of its agents in the state to acknowledge service, the insurance department receiving and placing that instrument in its files, manifestly both the insurance company and the department of insurance conceived that Section 9453 (8), General Code, had been fully complied with.
 

 It is clear that, under the provisions of Section
 
 *159
 
 9453 (8), General Code, the Legislature conferred no statutory mandate upon the superintendent, as such, to receive and accept service on the defendant in error. Such being the case Exhibit 5 had no official status in the department files, of which Tomlinson’s successor was bound to take notice. The trial court seemed to take the view that if it were conceded that Warner, as Tomlinson’s successor, had no statutory authority to accept the responsibility imposed by the alleged power of attorney, yet, “having received the summons, he accepted the authority,” under the common-law rules of agency. While such an. argument might have some force as to Tomlinson, it cannot apply to his successor Warner, who accepted no such responsibility, and who had no knowledge that such an instrument had been filed in his office; nor had that fact been communicated to him when he was served with process.
 

 The Court of Appeals found that when Sheriff Paul made his service upon Warner on August 19, 1932, Warner had no such knowledge. Had Warner in fact been served as claimed, there was nothing in his files advising him in his official capacity that a comm on - law power of attorney was on file in his office. Had Warner in fact notified the insurance association that it had been sued, or had he forwarded to it a copy of the summons, there might bé a plausible argument supporting the conclusion advanced by counsel for plaintiff in error. But this was not done, and so far as this record discloses the insurance association had no knowledge of the Huron county suit until after judgment had been taken against it.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Matthias, Bevis and Zimmerman, JJ., concur.